**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EMANUEL REDDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-238-GMS |
| | ) | |
| | ) | |
| WARDEN KEARNEY, SGT. DUKES, | ) | |
| and C/O WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' COMBINED FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), Defendants Warden Rick Kearney, Sergeant Wayne Dukes, and Officer Samuel Walker (the "Defendants") hereby propound to Plaintiff Emanuel Redden ("Redden" or "Plaintiff"), the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests," together with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1.    "Defendants," shall mean State Defendants Warden Rick Kearney, Sergeant Wayne Dukes, and Officer Samuel Walker.

2.    "Plaintiff," "you," or "your" shall mean plaintiff Emanuel Redden.

3.      "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.      "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "SCI" shall mean the Sussex Correctional Institute and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of SCI.

7.      The term "Alleged Incident" shall mean the day you suffered the alleged injury on your bunk while incarcerated at SCI as alleged in the Complaint.

8.      "Person" refers to any individual, corporation, partnership, association or other entity.

9.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

11.     The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

12.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

13.     "Identify" when used with respect to a person means to provide the following information:

(a)     the name, telephone number, and residential address of the person; and

(b)     the name of the present employer, place of employment, business and job title of the person.

14.     "Identify" when used with respect to an entity means to provide the following information:

(a)     the name, telephone number and address of the entity; and

(b)     the name of the entity's owners, principals, officers, and/or partners.

15.     "Identify" when used with respect to a document means to provide the following information:

(a)     the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)     the date of the document;

(c)        the preparer and/or source of the document and all recipients of the document;

(d)        the substance in detail of the document; and

(e)        each person who now has custody, possession or control of the document.

16.      "Identify" when used with respect to a communication means to provide the following information:

(a)        the date of the communication;

(b)        whether the communication was oral or written;

(c)        any person who sent, received, or had knowledge of the communication;

(d)        the substance in detail of the communication; and

(e)        any document embodying the communication.

## INSTRUCTIONS

1.      Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information,

who made those efforts, to whom communications were directed, and the results of those efforts.

4.    Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after July 18, 2004.

5.    These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1:</u>**  With respect to the claims asserted in your Complaint, state the following:

        a.    identify all facts that refute, relate to, or support your claims;

        b.    identify the specific behavior or conduct that you allege that the Defendants engaged in;

        c.    the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof.

        d.    identify all documents that reflect, refer to or relate to such contention or facts.

**<u>RESPONSE:</u>**

**INTERROGATORY NO. 2:** Please state the date and time you contend the Alleged Incident occurred.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the Alleged Incident or this litigation including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify (a) every communication you have had with the Defendants concerning the Alleged Incident; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 5:** If you allege that you filed an inmate grievance relating to the Alleged Incident, what date was said grievance filed on? If your grievance relating to the Alleged Incident was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify any prior or subsequent grievances you filed concerning any and all interactions with the Defendants. If the grievance was rejected, describe in detail the facts that contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify each and every document in your possession and control that relates to the Alleged Incident.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify any individual you allege witnessed in any manner any aspect of the Alleged Incident.

**RESPONSE:**

**INTERROGATORY NO. 9:** Describe any medical treatment you received as a result of the allegations in the Complaint, specifically addressing:

        a.      whether you requested any medical treatment at SCI which you believe in any way resulted from the allegations in your Complaint; and

        b.      the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 10:** Identify each document in your possession and control that relates to the injuries you allegedly sustained from the Alleged Incident.

**RESPONSE:**

**INTERROGATORY NO. 11:** Either prior to or subsequent to the Alleged Incident referred to in your Complaint, have you ever suffered any injuries, illnesses or diseases in those portions of the body claimed by you to have been affected as alleged in the Complaint? If so, state:

a.    a description of the injuries, illnesses or diseases you suffered, including the date and place of occurrence; and

b.    the names and addresses of all hospitals, doctors, or practitioners who rendered treatment or examination because of any such injuries, illnesses or diseases.

**RESPONSE:**

**INTERROGATORY NO. 12:** Please describe in detail the meaning of your statement on page two (2) of the Complaint that, "Sgt. Dukes and C/O Walker refused to allow me to go to the hospital or secure medical attention…."

**RESPONSE:**

**INTERROGATORY NO. 13:** Please describe in detail the meaning of your statement on page two (2) of the Complaint that Sgt. Dukes and C/O Walker had a "personal dislike" for you.

**RESPONSE:**

**INTERROGATORY NO. 14:** Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 15:** Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify all physicians you have seen or been treated by in the past ten (10) years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify all of your criminal convictions in the past thirty (30) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 18:** Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 19:** State the total amount of damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 20:** Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 21:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 22:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following:

**REQUEST NO. 1:** All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:** All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:**    Any and all documents, photographs, pictures, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or other any other medical records, whether generated prior to, on or following July 18, 2004, which detail any injury you suffered as a result of the Alleged Incident.

**RESPONSE:**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to the Alleged Incident.

**RESPONSE:**

**REQUEST NO. 5:**    All grievances you filed referring or relating to the Alleged Incident.

**RESPONSE:**

**REQUEST NO. 6:**   Any and all maintenance or cell transfer orders referring or relating to the Alleged Incident.

**RESPONSE:**

**REQUEST NO. 7:**   Any and all documents which comprise any diary, journal, log, or other written account of the Alleged Incident or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 8:**   With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

        a.        all documents provided to or reviewed by the expert;

        b.        a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

        c.        all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

        d.       all documents upon which the expert's findings, conclusions and/or opinions are based; and

        e.       all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 9:</u>**   All documents that you intend to introduce into evidence at the trial of this action.

**<u>RESPONSE:</u>**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendants

Dated: July 31, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on July 31, 2006, I caused a true and correct copy of the attached ***Defendants' Combined First Set Of Interrogatories And Requests For Production Of Documents Directed To Plaintiff*** to be served on the following individual in the form and manner indicated:


**NAME AND ADDRESS OF RECIPIENT:**

Inmate Emanuel Redden
SBI #00092507
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400