# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL REDDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 05-238-GMS |
| v. ) | |
| ) | Jury Trial Requested |
| WARDEN KEARNEY, SGT. DUKES, ) | |
| and C/O WALKER, ) | |
| ) | |
| Defendants. ) | |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF
# THEIR MOTION FOR SUMMARY JUDGMENT [RE: D.I. 21]

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Linda M. Carmichael (#3570)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
  Attorneys for the Defendants

Dated:  April 16, 2007

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| Table of Citations …………………………………………………............... | | ii |
| Nature and Stage of the Proceedings ………………………………………… | | 1 |
| Summary of the Argument ……………………………………………………… | | 2 |
| Statement of the Facts ………………………………………………………... | | 3 |
| Argument …………………………………………………………………….. | | 4 |
| | I. DEFENDANTS ARE PROTECTED FROM LIABILITY AGAINST PLAINTIFF'S CLAIMS BASED ON THE DOCTRINES OF SOVEREIGN IMMUNITY AND QUALIFIED IMMUNITY………. | 4 |
| | II. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT BY WARDEN KEARNEY………… | 5 |
| | III. PLAINTIFF'S COMPLAINT FAILS TO SUPPORT HIS CLAIM OF CRUEL AND UNUSUAL PUNISHMENT……………………… | 6 |
| | IV. PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES IS FATAL TO HIS CAUSE OF ACTION……………... | 8 |
| Conclusion ……………………………………………………………………… | | 10 |

# TABLE OF CITATIONS

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ......................................................... 4

*Baker v. Monroe Twp.,* 50 F.3d 1186 (3d Cir. 1995) ............................................................ 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..................................................................... 4

*Estelle v. Gamble*, 429 U.S. 97 (1976) ................................................................................. 6

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) .................................................................. 5

*Farmer v. Brennan*, 511 U.S. 825 (1994) ............................................................................. 6

*Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) ............................................. 5

*Rode v. Dellarciprete,* 845 F.2d 1195 (3d Cir. 1988) ........................................................... 5

*Spruill v. Gillis,* 372 F.3d 218 (3d Cir. 2004) .................................................................. 8, 9

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ................................................. 5

**Statutes and Other Authorities**

Eighth Amendment of the United States Constitution ................................................ *passim*

42 U.S.C. § 1983 .......................................................................................................... *passim*

42 U.S.C. § 1997e(a) .............................................................................................................. 8

F.R.C.P. 56(c) ........................................................................................................................ 4

## NATURE AND STAGE OF THE PROCEEDINGS

On March 22, 2007, Defendants Warden Rick Kearney, Sergeant Wayne Dukes, and Officer Samuel Walker (the "Defendants") filed a Motion for Summary Judgment (the "Motion") and an Opening Brief in Support of the Motion (the "Opening Brief") (D.I. 21 and 22, respectively). Shortly thereafter, on April 5, 2007, Plaintiff Emanuel Redden ("Redden" or "Plaintiff") filed Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (the "Answering Brief") (D.I. 25, entered 4/10/07). This is Defendants' Reply Brief in Support of Their Motion for Summary Judgment.

2

## SUMMARY OF THE ARGUMENT

I.  Defendants are protected from liability against Plaintiff's claims based on the doctrines of sovereign immunity and qualified immunity.

II.  Plaintiff's Complaint fails to allege any personal involvement by Warden Kearney.

III.  Plaintiff's Complaint fails to support his claim of cruel and unusual punishment.

IV.  Plaintiff's failure to exhaust his administrative remedies is fatal to his cause of action.

## **STATEMENT OF THE FACTS**

Defendants hereby incorporate by reference, as if fully set forth herein, the facts as presented in Defendants' Opening Brief in Support of Their Motion for Summary Judgment (D.I. 22).

**ARGUMENT**

Redden's Answering Brief, coupled with the allegations in his Complaint, fall far short of providing the reasons this Court needs to deny Defendants' Motion. To defeat a motion for summary judgment Redden must show more than "the mere existence of *some* alleged factual dispute between the parties…." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Redden's Answering Brief, however, fails to provide a single case, deposition, document, discovery response, or affidavit that establishes the elements essential to his Eighth Amendment claim. *See* FED. R. CIV. P. 56(c). Because Redden cannot prove his claim and because the Defendants have established that there are no genuine issues of material fact in dispute, this Court should enter summary judgment in favor of the Defendants and against Redden. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

I. **DEFENDANTS ARE PROTECTED FROM LIABILITY AGAINST PLAINTIFF'S CLAIMS BASED ON THE DOCTRINES OF SOVEREIGN IMMUNITY AND QUALIFIED IMMUNITY.**

Plaintiff has done little in his Answering Brief to disprove the Defendants' assertions of sovereign and qualified immunity. Plaintiff asserts that Warden Kearney is not immune from liability because he gave "permission and/or the authority to re-make, make, or construct and/or re-build broken bunk beds on state property." Ans. Br. at 12. Plaintiff, however, has no proof that Warden Kearney knew about the piece of steel protruding from his bunk bed. In fact, Plaintiff admits that he never informed Warden Kearney about the problem with his bunk bed. Op. Br. Ex. A at 7-8.

Further, to the extent Warden Kearney did know about the bunk bed and had the problem repaired, such actions were taken in the Warden's official capacity, as

warden of the institution. Thus Warden Kearney is immune from liability as all actions taken occurred in his official capacity and he may not be considered a "person" subject to suit in this Court. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Plaintiff's Answering Brief does not address Defendants' arguments that Sergeant Dukes and Officer Walker are immune from liability in their official and individual capacities. Defendants stand by their arguments, as set forth in their Opening Brief, that the doctrines of sovereign immunity and qualified immunity preclude Sergeant Dukes and Officer Walker from being held liable in this matter. Therefore, summary judgment is appropriate.

## II. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT BY WARDEN KEARNEY.

Redden's Answering Brief fails to provide a single legal reason for why Warden Kearney should be held liable in this matter. Redden states that he named the Warden as a defendant because Redden "injured his left knee on a re-builded [sic] prison bunk bed that was re-build on prison grounds by employees under Warden Kearney…." Ans. Br. at 12. This reason, however, is not a proper legal justification for a § 1983 action. Actions filed under § 1983 cannot be based solely on supervisory responsibility. Rather a plaintiff is required to show "allegations of personal direction or of actual knowledge and acquiescence…." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). Because Redden cannot show that Warden Kearney was personally involved in the allegations in his Complaint, the Motion for Summary Judgment as to Warden Kearney should be granted.

5

**III.    PLAINTIFF'S COMPLAINT FAILS TO SUPPORT HIS CLAIM OF CRUEL AND UNUSUAL PUNISHMENT.**

Redden contends that Sergeant Dukes and Officer Walker violated his Eighth Amendment rights by allegedly denying him access to medical care. To establish a violation of Eighth Amendment rights, Redden must prove that the Defendants were deliberately indifferent to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To show "deliberate indifference" a plaintiff must demonstrate a sufficiently culpable state of mind on the part of the defendant. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Redden asserts in his Complaint and Answering Brief that Sergeant Dukes and Officer Walker violated his Eighth Amendment rights by denying him access to medical care. Redden's accusations, however, are false.

On July 18, 2004, Redden was purportedly injured by a piece of steel protruding from his bunk bed. Complaint at Statement of Claim. Redden, however, did not mention to an officer on July 18 that he suffered an injury on the bed. Op. Br. Ex. A at 25-32.[1] In fact Redden is unclear whether he conveyed the status of his injury to officers on July 21, 2004 or July 22, 2004. Op. Br. Ex. A at 25-32. What is clear is that Redden did not fill out a sick call slip for his injury until July 22, 2004. Op. Br. Ex. B. After Redden filled out the slip, the slip was given to the medical department. The

---

[1] All exhibits mentioned herein refer to the Exhibits attached to Defendants' Opening Brief in Support of Their Motion for Summary Judgment (D.I. 22)

medical department then called for Redden to come to the infirmary the very next day – July 23, 2004. Op. Br. Ex. A at 36; Ex. B; Exhibit C at Statement of Keith Thompson.

On July 23, when called to sick call, Redden was asleep and missed his appointment. Complaint at Statement of Claim; Op. Br. Ex. A at 38. Redden's failure to make sick call on July 23 was not the fault of Sergeant Dukes, Officer Walker or Warden Kearney. Rather, Redden's failure to make his appointment was the result of his own actions. After Redden missed his appointment on the 23rd, he was subsequently called to the infirmary on July 24, 2004 where he received medical treatment for the injury to his knee. Complaint at Statement of Claim; Op. Br. Ex. A at 50.

Redden insinuates throughout his Answering Brief that the Defendants should have seen his injury and immediately sent him to the infirmary. There are, however, several problems with this argument. First, Sergeant Dukes and Officer Walker are not medical personnel. Therefore, they may not have known the extent of Redden's injury. Second, Redden's failure to fill out a sick call slip until four days after the injury first occurred demonstrate that the injury did not require immediate attention. Finally, the fact that Redden missed his appointment for the infirmary on July 23 evidences that Redden did not consider his injury serious. In light of these circumstances it is not reasonable to assume that Sergeant Dukes and Officer Walker should have considered Redden's injury an emergency requiring immediate medical attention.

There are no genuine issues as to the facts in this case. Rather, the facts clearly show that the Defendants responded to Redden's need for medical attention and informed him of the steps he needed to take to receive medical treatment. The officers involved did not prevent Redden from receiving medical care nor were they deliberately

indifferent to his needs. Therefore, Redden cannot establish the elements of an Eighth Amendment claim and the Motion for Summary Judgment should be granted.

IV. **PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES IS FATAL TO HIS CAUSE OF ACTION.**

Plaintiff's Answering Brief does not address Defendants' arguments that Redden failed to file grievances against Warden Kearney and Sergeant Dukes and therefore, has failed to exhaust his administrative remedies against these two Defendants. Defendants stand by their arguments as set forth in their Opening Brief that Redden has failed to exhaust his administrative remedies against these two Defendants. Plaintiff should, therefore, be precluded from setting forth any arguments not raised in the Answering Brief and summary judgment is appropriate.

Redden argues that he exhausted his administrative remedies against Officer Walker because he filed a grievance against Officer Walker, was allegedly told that Officer Walker would be verbally reprimanded for his action, and then signed off on the grievance. Redden's allegations, however, are not supported by the evidence. In his grievance Redden clearly states that he was leaving his requested relief "up to IGC." Op. Br. Ex. E. Nothing in the grievance indicates that the IGC voted to verbally reprimand Officer Walker. On the contrary, the grievance states that Redden signed off on the grievance prior to a level two hearing. Redden never filed an appeal of his grievance nor did he file another grievance. Instead he chose to drop the matter by signing off on the grievance prior to a level two hearing. Therefore, Redden failed to exhaust his administrative remedies and he is barred from pursuing this action. *See* 42 *U.S.C.* § 1997e(a); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (holding that an inmate is

required to follow the grievance process through every appellate step in order to properly exhaust his administrative remedies).

## **CONCLUSION**

Defendants Warden Kearney, Sergeant Dukes and Correctional Officer Walker did not deny Plaintiff Emanuel Redden adequate medical care. Because no reasonable jury could find that Redden's Eighth Amendment rights were violated, Defendants' Motion for Summary Judgment should be granted.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Linda M. Carmichael (#3570)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on April 16, 2007, I caused a true and correct copy of the attached ***Defendants' Reply Brief in Support of Their Motion for Summary Judgment [Re: D.I. 21]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**
Inmate Emanuel Redden
SBI #00092507
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400